THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-0003-BR

| | |
|---|---|
| CARL L. PARKER, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MARK MILLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the court on Mark Miller's ("Miller") motion to dismiss, (DE # 8), to which Carl L. Parker, Sr. ("plaintiff") filed a response in opposition, (DE # 11), and a reply, (DE # 13). Miller also filed a reply as well as a motion to strike plaintiff's reply, (DE ## 12, 14). Also before the court is plaintiff's motions for default judgment,[1] (DE ## 11, 16), plaintiff's three motions for summary judgment, (DE ## 16, 19, 23), and Miller's motions to strike the motions for summary judgment, (DE ## 17, 24).

## I. BACKGROUND

On 8 January 2020, plaintiff filed a form complaint alleging discriminatory conduct which allegedly occurred in or around 2013. (DE # 1, at 3–4.) He obtained a summons for:

Mr. Mark Miller
Contract Office
USDA, Forest Service Francis Marion & Sumter NFs
4931 Broad River Road
Columbia, SC 29212-3530

---

[1] Within his motions for summary judgment, plaintiff also purportedly seeks default judgment. (See, DE ## 16, 19, 23.)

(DE # 4.) On 30 March 2020, plaintiff filed a return receipt, apparently for that summons, which purportedly demonstrates that an agent of Miller received it, although the receipt is unsigned. (See DE # 6.) On 13 April 2020, "The United States of America, including Mark Miller, sued in his official capacity" moved to dismiss plaintiff's complaint for failure to properly serve the United States. (DE # 8.)

Miller contends he "is not and cannot be sued in his individual capacity in the type of suit purported to be brought, a Title VII employment discrimination" claim.[2] (DE # 9, at 1.) He asserts "[t]he United States, the Attorney General, and the appropriate agency head have not been served as required under Rule 4(i)(1) and (2)," so "[t]his case should be dismissed for failure to effect proper service." (Id. at 3.) In response, plaintiff contends "[t]here is enough evidence that the defendant, the addressee, agent for USDA has satisfied the court Rule 4(f)(2) must apply." (DE # 11, at 1.) Thus, he "seek[s] judgment by default to enter against the USDA Department, Mr. Mark Miller Contract Officer USDA Forest Service." (Id. at 2.)

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) allows dismissal of a complaint for insufficient service of process. Hinton v. Raleigh Soc. Sec., No. 5:18-CV-120, 2019 U.S. Dist. LEXIS 57902, at *2 (E.D.N.C. Apr. 4, 2019). Rule 4 of the Federal Rules of Civil Procedure outlines the requirements for proper service and requires that a plaintiff serve all defendants, obtain a waiver of service, or provide good cause for delay, within ninety days of filing a complaint. Id. (citing Fed. R. Civ. P. 4(d) & (m)). The plaintiff bears the burden of establishing that process has been properly served. Arndt v. Hurwitz, No. 7:18-CV-205, 2019 U.S. Dist. LEXIS 132070, at *3 (E.D.N.C. Aug. 7, 2019) (citation omitted).

---

[2] It is unclear what type of claim plaintiff alleges; however, the court need not decide that to address Miller's arguments as to service.

Here, plaintiff's complaint lists the defendant as "Mark Miller" and on the same page "Contract Office USDA, Forest Service Francis Marion [and] Sumter NFS." (DE # 1, at 1.) He seeks default against "USDA Department, Mr. Mark Miller Contract Officer USDA Forest Service" and "THE AGENT USDA X (Mr. Mark Miller), a government agent, employed by USDA as Contract Office." (DE # 11, at 2.) In his response to Miller's motion to dismiss, plaintiff refers to "the defendant, the addressee, agent for USDA" and alleges "Mr. Miller representing as agent USDA has ignored [him]." (Id. at 1–2.) Therefore, it is unclear whether plaintiff attempts to sue the USDA, Miller in his official capacity, or both. In either event, the rules for service are the same.

To serve a United States agency or a United states officer or employee in their official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

To serve the United States, a party must:

>    (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>    (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>    (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Here, plaintiff did not obtain a summons for the United States attorney or the Attorney General, nor did he serve them with a copy of the complaint. As such, he has failed to properly

serve the United States. Because he has failed to serve the United States, he has failed to properly serve the USDA as an agency and has failed to properly serve Miller in his official capacity. See Fed. R. Civ. P. 4(i)(2). Therefore, his complaint against the USDA and/or Miller in his official capacity will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff's motions for default judgment are "premature where service has not been proven." Smith v. Leon, No. 4:20-CV-26, 2020 U.S. Dist. LEXIS 168527, at *7 (E.D.N.C. Sept. 15, 2020). Therefore, his motions for default judgment, (DE ## 11, 16, 23), will be denied.

### III. CONCLUSION

Miller's motion to dismiss, (DE # 8), is ALLOWED. Miller's motion to strike plaintiff's sur-reply, (DE # 14), is DENIED. Plaintiff's motions for default judgment, (DE ## 11, 16, 19, 23), and motions for summary judgment, (DE ## 16, 19, 23), are DENIED as moot. Miller's motions to strike plaintiff's motions for summary judgment, (DE ## 17, 24), are DENIED as moot. This case is DISMISSED WITHOUT PREJUDICE.

This 22 March 2021.

_____
W. Earl Britt
Senior U.S. District Judge